UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY CUELLAR,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01075-CDB<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLAY WITH LOCAL RULES**<br><br>**10-DAY DEADLINE** |

Plaintiff Jimmy Cuellar is proceeding pro se this action. Plaintiff originally filed this action in the Superior Court of the State of California, County of Kern, on June 7, 2023. (Doc. 1 p. 1). On July 19, 2023, Defendant The Guardian Life Insurance Company of America removed this case to the United States District Court for the Eastern District of California. (*Id*.)

On July 20, 2023, Defendant filed a Motion to Dismiss. (Doc. 5). Pursuant to Local Rule 230(c), Plaintiff's opposition or statement of non-opposition was to be filed "no later than fourteen (14) days after the motion was filed." More than 14 days have passed; however, Plaintiff has not filed an opposition or a statement of non-opposition to Defendant's motion. Finally, the Court notes Plaintiff has not sought an extension of time within which to file an opposition to Defendant's motion.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

"[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 10 days** of the date of service of this order, why this action should not be dismissed for his failure to prosecute and to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file his opposition or statement of non-opposition to Defendant's motion to dismiss.

**Failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **August 7, 2023**                           _____
                                                      UNITED STATES MAGISTRATE JUDGE