UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY CUELLAR,<br><br>        Plaintiff,<br><br>    v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Case No. 1:23-cv-01075-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE<br><br>Clerk of Court to Assign District Judge<br><br>(Doc. 5) |

Plaintiff Jimmy Cuellar, proceeding pro se, commenced this action on June 7, 2023, with the filing of a complaint in the Superior Court of California, County of Kern. (Doc. 1 p. 1). The complaint raises a breach of contract claim based on allegations of loss of life insurance benefits due and owing to Plaintiff's mother. (Doc. 1 p. 11).[1] On July 17, 2023, Defendant The Guardian Life Insurance Company of America removed this action to the United States District Court for the Eastern District of California. *Id.*

Defendant filed a motion to dismiss on July 20, 2023. (Doc. 5). Defendant also filed a certificate of service attesting that a paper copy of the motion was delivered to Plaintiff in compliance with Local Rule 135(b). (Doc. 6). When Plaintiff failed to timely file a response to Defendant's motion, the Court issued and Order to Show Cause ("OSC") directing Plaintiff to

---

[1] The Court references herein document pagination assigned by CM/ECF.

1  show cause in writing why this action should not be dismissed for his failure to prosecute and to
2  comply with the Local Rules.  (Doc. 7).  Plaintiff timely answered the OSC by filing a Response
3  to the Motion to Dismiss on August 11, 2023.  (Doc. 8).

4  In his three-sentence response to Defendant's motion, Plaintiff asserts generally that the
5  motion is meritless without further argument or explanation.  (*Id.* at 1).  Plaintiff also argued that
6  the Court should grant him additional time to "find counsel to represent him."  (*Id.*).
7  Accordingly, the Court entered an order notifying Plaintiff that his filing was not responsive to
8  the show cause order and neither set forth good cause nor demonstrated that his neglect in failing
9  to follow the Local Rules of this Court with respect to responding to the motion to dismiss was
10 excusable. (Doc. 9).

11 As a result, on August 15, 2023, the Court declined to discharge the show cause order and
12 issued an order admonishing Plaintiff that he remained at risk of incurring sanctions if he refused
13 to follow the Court's directions.  First, the Court ordered Plaintiff to file a completed magistrate
14 judge consent/decline form previously ordered to be filed.  Second, the Court acknowledged
15 Plaintiff's reported desire to retain counsel and ordered Plaintiff to file by August 29, 2023, either
16 (1) a notice of appearance for any counsel he retained, or (2) a response to Defendant's motion.
17 (Doc. 9 at 2).

18 On August 21, 2023, Plaintiff filed another three-sentence opposition to Defendant's
19 motion virtually identical to his previously filed opposition – including a repeated request for
20 time to "find counsel."  (Doc. 10).  Defendant filed a Reply on August 30, 2023, in which it notes
21 that Plaintiff's request to find counsel is not a proper basis to defeat or further delay the pending
22 motion to dismiss, particularly because Plaintiff commenced this action pro se on June 7, 2023,
23 and, thus, has had ample opportunity to retain counsel.  (Doc. 11).

24 **STANDARD OF LAW**

25 To survive a motion to dismiss, a complaint must contain "a short and plain statement of
26 the claim showing that the pleader is entitled to relief" such that the defendant is given "fair
27 notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,
28 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47

2

(1957)). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint, however, should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

In weighing a motion to dismiss, the court must accept material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Leave to amend should be freely granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); Fed. R. Civ. P. 15(a).

**DISCUSSION**

In his complaint asserting a breach of contract claim, Plaintiff seeks to recover benefits that allegedly were owed to his mother, Claudia Mata, that began accruing at the time of her alleged date of disability in or around October 2020.  (Doc. 1, Complaint ("Compl.") ¶¶ 2-4, Prayer for Relief).  Plaintiff alleges that at the time of her death, Ms. Mata (the "decedent") was on disability leave from her employment by Apartment Management Consultants, LLC (AMC). Plaintiff pleads that during her term of disability, the premiums for her disability insurance were not paid and coverage was terminated.  *Id.* ¶ 4.  Plaintiff alleges that AMC was obligated to pay the premiums and its failure to do so caused him and the decedent to lose the benefits of the disability insurance policy.  *Id.* ¶¶ 5-6.  There are no allegations in the Complaint addressing Defendant or its alleged involvement in the events giving rise to Plaintiff's claims.

3

Defendant alleges that Plaintiff's claims are controlled by the Employee Retirement Income Security Act of 1974 ("ERISA"), which governs "employee benefit plans," including "employee welfare benefit plans." 29 U.S.C. § 1002(3). In particular, in its Notice of Removal, Defendant asserts that the insurance benefit that is the subject of Plaintiff's claim was provided by an employee welfare benefit plan (the "Group Policy"), a copy of which Defendant attached to the Notice of Removal. (Doc. 1 at p. 4; Wiltrout Declaration, Exhibits A & B). The Group Policy provides that it is governed by ERISA. *Id*. The Court pauses here to address whether and the extent to which the Court may consider the Group Policy in ruling on Defendant's motion to dismiss.

"For a [Rule] 12(b)(6) motion, a court generally cannot consider material outside the complaint." *Hamilton v. Bank of Blue Valley*, 746 F. Supp.2d 1160, 1167 (E.D. Cal. 2010) (citing *Van Winkle v. Allstate Ins. Co.*, 290 F. Supp.2d 1158, 1162, n.2 (C.D. Cal. 2003)). "Nonetheless, a court may consider exhibits submitted with the complaint." *Id*. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id*. at 1168 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Accord, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002) "A court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Hamilton*, 746 F. Supp.2d at 1168 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Here, Plaintiff refers to the Group Policy in his Complaint, it is central to his claim, and although Plaintiff had an opportunity to challenge the authenticity of the Group Policy in opposing Defendant's motion to dismiss, he failed to file an opposition. Accordingly, the Court proceeds as if the Group Policy is part of the complaint and assumes that its contents are true for

1   purposes of ruling on Defendant's motion to dismiss.  *Branch*, 14 F.3d at 454; *Hamilton*, 746 F.
2   Supp.2d at 1168.

3   Section 514(a) of ERISA provides that ERISA preempts "any and all State laws insofar as
4   they . . . relate to any employee benefit plan" governed by ERISA.  29 U.S.C § 1144(a). "A law
5   relate[s] to a covered employee benefit plan for the purposes of § 514(a) if it (1) has 'connection
6   with' or (2) reference to such a plan." *Golden Gate Restaurant Ass'n v. City and County of San*
7   *Francisco*, 546 F.3d 639, 648 (9th Cir. 2008) (quoting *Cal. Div. of Labor Standards Enforcement*
8   *v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997)).

9   "A state law claim may be subject to 'complete preemption' or 'conflict preemption'
10  under ERISA." *Doutherd v. United Parcel Service Freight*, Case No. 2:21-cv-00780-KJM-JDP,
11  2021 WL 5087612, at *3 (E.D. Cal. Nov. 2, 2021) (quoting *Washington v. AT & T Corp.*, 2011
12  WL 233004, at *3 (N.D. Cal. Jan. 24, 2011)).  Conflict preemption exists where a state-law cause
13  of action "relates to" an ERISA benefit plan. *Marin General Hosp. v. Modesto & Empire*
14  *Traction Co.*, 581 F.3d 941, 949 (9th Cir. 2009).  The "relates to" component inquires whether
15  the state law claim refers to an ERISA plan or whether the claim has a connection to an ERISA
16  plan. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1081 (9th Cir. 2009). In other words, the state law
17  claim is related to an ERISA plan if the existence of the ERISA plan is a key component for
18  establishing liability under the cause of action. *Edwards v. Lockheed Martin Corp.*, 617 F. App'x
19  648, 650 (9th Cir. 2015).

20  ERISA converts common law complaints into federal complaints for purposes of the well-
21  pleaded complaint rule. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (citing
22  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). Thus, given ERISA's
23  extraordinary preemptive force, Plaintiff's breach of contract claims is governed by ERISA §
24  502(a)(1)(B).  *Id*. at 210.

25  Under ERISA, "[a] civil action may be brought to recover benefits due to him under the
26  terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future
27  benefits under the terms of his plan[.]" ERISA § 502(a)(1)(B); 29 U.S.C. § 1132 (a)(1)(B).  To
28  state a claim under Section 502(a)(1)(B), a plaintiff must allege facts that (1) establish the

5

existence of an ERISA plan and (2) the provisions of the plan that entitle the plaintiff to benefits. *Reiten v. Blue Cross of California*, 2020 WL 1032371, at *2 (C.D. Cal. Jan. 23, 2020) (citation omitted).  "A plan is established if a reasonable person 'can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.'" *Forest Ambulatory Surgical Assocs v. United HealthCare Ins. Co.*, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011) (citing *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc)). "Accordingly, [a] plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Group, Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015) (internal quotation marks omitted) (alteration in original).  Without this level of specificity, the complaint is insufficiently pled.

Plaintiff's complaint alleges neither the existence of an ERISA plan nor one or more provisions of the plan that entitle him, as the decedent's son, to receive benefits. Since the complaint fails to state a claim, it is subject to dismissal.  *E.g., Glendale Outpatient Surgery Center v. United Healthcare Servs., Inc.*, 805 F. App'x 530, 531 (9th Cir. 2020) (affirming dismissal of complaint that lacked any specific reference to plan provisions which afforded plaintiff with the alleged benefits); *Kazda v. Aetna Life Ins. Co.*, 2019 WL 11769104, at *4-5 (N.D. Cal. Sep. 11, 2019) (dismissing complaint that lacked any specific reference to plan provisions which afforded plaintiff with the alleged benefits); *Reiten*, 2020 WL 1032371, at *2 (same).

## CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1. The Clerk of Court is DIRECTED to randomly assign a district judge to this action for the purposes of reviewing these findings and recommendations.

Further, IT IS HEREBY RECOMMENDED
1. Defendant's motion to dismiss pursuant to Fed. R. Civ. Pro. (12)(b)(6) (Doc. 5) be GRANTED;
2. Plaintiffs' complaint (Doc. 1, Exhibit 1) be DISMISSED with leave to amend; and

6

    3.  The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 20, 2023**                                          
                                                           UNITED STATES MAGISTRATE JUDGE