UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY CUELLAR,<br><br>           Plaintiff,<br><br>    v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>           Defendant. | Case No. 1:23-cv-1075-JLT-CDB<br><br>**ORDER DISMISSING THIS CASE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS**<br><br>(Doc. 16) |

**I. BACKGROUND**

Jimmy Cuellar commenced this action by filing a complaint in state court, which was removed to this Court soon thereafter. (Doc. 1.) Defendant then filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5.) The assigned magistrate judge considered the motion and found that Plaintiff failed to state a claim because there were "no allegations in the Complaint addressing Defendant or its involvement in the event giving rise to Plaintiff's claims." (Doc. 14 at 3.) The magistrate judge further determined that "Plaintiff's complaint alleges neither the existence of an ERISA plan nor one or more provisions that entitle him, as the decedent's son, to receive benefits." (*Id*. at 6.)

The Court adopted the magistrate judge's findings and recommendations in part. (Doc. 16.) The Court dismissed Plaintiff's complaint with leave to amend and ordered Plaintiff to file an amended complaint within 30 days of the date of service of its order. The Court admonished Plaintiff that failure to file an amended complaint within the 30-day period "will result in the dismissal of this action for failure to prosecute and failure to comply with the Court's orders." *Id*. at 2 (emphasis in original). The deadline to file an amended complaint has passed and Plaintiff

has not filed an amended complaint.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the Court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a Court order. *See* Fed. R. Civ. P. 41(b); *Applied Underwriters v. Lichtnegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (finding that Rule 41(b) permits courts to *sua sponte* dismiss actions for a plaintiff's failure to prosecute or comply with the court's orders).

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Rule 41, the Court must consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Applied Underwriters*, 913 F.3d at 890. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of pro se action when plaintiff failed to follow the court's directions). The Court need not make explicit findings as to each of the five factors. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

## III. ANALYSIS

After considering each of the above-stated factors, the Court finds that this case should be dismissed without prejudice. The first factor, the expeditious resolution of litigation is deemed to be in the public interest and always favors dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). The second factor is also satisfied. Plaintiff has been non-responsive to the Court's directions, which undermines its abilities to efficiently manage its docket. *See* (Docs. 7, 14.) The third factor also weighs in favor of dismissal, since a Plaintiff's delay in prosecuting an action creates a presumption of injury. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor usually weighs against dismissal since public policy favors the

disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643.  However, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning that Plaintiff's failure to obey its orders will result in dismissal satisfies the "consideration of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262. The Court expressly warned Plaintiff that failure to timely file an amended complaint will result in the dismissal of this action.  (Doc. 16 p. 2.)  Furthermore, the instant dismissal is *without* *prejudice*, a lesser sanction than a dismissal with prejudice.

## IV. CONCLUSION

Considering the foregoing, this case is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute this action and comply with the Court's orders under Fed. R. Civ. P. 41 and Local Rule 110. The Clerk of the Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated:   **November 30, 2023**

UNITED STATES DISTRICT JUDGE

3